UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YAHMII BALOGUN UHURU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0566 (RJL) |
| | ) | |
| UNITED STATES PAROLE COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the United States Parole Commission ("USPC") alleging its failure to respond timely to his request for USPC records. This matter is before the Court on defendant's motion for summary judgment. For the reasons discussed herein, the motion will be granted.

## I. BACKGROUND

Plaintiff is a military prisoner who currently is incarcerated in a federal correctional institution. Compl. ¶ 5. He alleges that he sent a FOIA request to the USPC on November 3, 2008, *id.* ¶ 13, for the following information:

> [M]y complete file, copies of all recordings and transcripts of all hearings conducted for me, all documents showing how my salient factor score was calculated, all notes, reports and summaries from hearing examiners, all documents relied upon by the examiners or the U.S.P.C. to make decisions about my parole eligibility, and any information relied upon to take me outside the guidelines.

-1-

Mem. of P. & A. in Supp. of the Mot. for Summ. J. ("Def.'s Mem."), Decl. of Anissa N. Hunter ("Hunter Decl."), Ex. A (November 3, 2008 FOIA request).

The USPC acknowledged receipt of plaintiff's FOIA request, and informed him of "a backlog of unfilled request and limited personnel resources with which to process a large volume of FOIA requests." Compl., App. A (November 10, 2008 letter from M. Doherty, Student Intern, USPC) at 1. The USPC further notified plaintiff that it was "operating under exceptional circumstances as defined in 5 U.S.C. § 552(a)(6)(C), and [would] exercise due diligence in responding to [his] request." *Id.* Plaintiff did not avail himself of the option to "modify the scope of [his] request to limit [the] request to only a few documents which may result in priority processing." *Id.* at 2.[1]

The Clerk of Court received plaintiff's complaint on March 16, 2009. *See* Compl. at 1. He brought this action seeking "injunctive and all other appropriate relief and . . . expedited processing and release of agency records requested . . . from the . . . [USPC]." *Id.* ¶ 1.

On July 22, 2009, the USPC released "all of the documents [he] requested . . . in [his] active file as of the date of this response, except . . . copies of presentence reports or any document that states reasons for a sentencing decision." Notice of Withdraw[al] of Mot. and FOIA Processing [Dkt. #16], Ex. A (July 22, 2009 letter from A.N. Hunter, FOIA Specialist, USPC) at 1. Plaintiff challenged this decision by filing an administrative appeal to the USPC's Chairman. *Id.*, Ex. B (August 4, 2009 letter to the Chairman), explaining that the records

---

[1] The USPC "has instituted a two-tiered system in which requests less voluminous than [plaintiff's] request are queued for processing separately and quicker than requests for containing greater quantities of information." Mem. of P. & A. in Supp. of Def.'s Mot. for an *Open America* Stay and to Dismiss Individual Defs.[Dkt. #12], Decl. of Anissa N. Hunter ¶ 10.

released did not include transcripts or tape recordings of parole hearings in 2001, 2003, and 2007, *id.* at 1. Subsequently, the USPC released "audio recordings for [his] parole hearings dated July 23, 2001 and June 30, 2003," *Id.*, Ex. C (August 19, 2009 letter from I. Fulwood, Chairman, USPC), as well as "an audio recording[] of [his] parole hearing dated June 25, 2007," *id.*, Ex. D (September 8, 2009 letter from I. Fulwood). For reasons that are not explained in the record, plaintiff did not receive these recordings. Notice of Response to Def.'s Notice to Withdraw [sic] of Mot. and of FIOA [sic] Processing at 1. On October 20, 2009, the USPC sent "copies of the audio recordings of his hearings that occurred on July 23, 2001, June 30, 2003, and June 29, 2005." Hunter Decl. ¶ 4; *see id.*, Ex. E (October 20, 2009 letter from A.N. Hunter). The USPC did not send an audio recording of the June 25, 2007 parole hearing because the original recording was no longer functioning and no other recordings were available. *Id.* The recordings were sent by first class mail to plaintiff at the Hazelton United States Penitentiary, care of plaintiff's case manager. *Id.* ¶ 5.

## II. DISCUSSION

### *A. Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, the discovery and disclosure materials on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). In opposing a summary judgment motion, a party may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990), but rather must "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248.

In a FOIA case, the Court may grant summary judgment based on information provided in an agency's affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Plaintiff Is Not Entitled to Judgment In His Favor Due to the USPC's Delay in Responding to his FOIA Request

Under the FOIA, an agency "shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with [the] request and shall immediately notify the person making [the] request of [its] determination

and the reasons therefor." 5 U.S.C. § 552(a)(6)(A). If the agency "can show exceptional circumstances exist[,]" and if it shows that it "is exercising due diligence in responding to the request," the agency may be granted "additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i).

Plaintiff does not contend that the USPC has refused to release the records he requested, and he raises no challenge to the method by which the USPC conducted its search for the responsive records.[2] Rather, he characterizes "[t]he central issue before this Court [as the] USPC's failure to comply with [his] FOIA request within a timely manner." Pl.'s Mem. of P. &

---

[2] The USPC's supporting declaration explains its filing system and the search for responsive records as follows:

> Files containing paper documents are maintained in the [USPC's] central office for inmates and parolees. All materials pertaining to the [USPC]'s decision to grant, deny, rescind, and/or revoke parole of an inmate under the [USPC's] jurisdiction . . . are placed in a parole file retrievable by that inmate's name and register number. A parole file is established for an inmate following his first parole determination hearing and initially contains those materials considered at the inmate's first parole hearing. Any materials concerning the inmate[] received subsequent to the initial hearing[] are placed in the file in chronological order. Parole files are maintained in the [USPC's] Records Center. In answering a FOIA request, [the FOIA Specialist] uses the [USPC's] electronic TRAK program to request the inmate parole file from the . . . Records Center[, and the request is made] either by inmate name or register number. The Records Center then delivers the file to the Office of General Counsel for . . . review and action.

Mem. of P. & A. in Supp. of Def.'s Mot. for an *Open America* Stay and to Dismiss Individual Defs., Decl. of Anissa N. Hunter ¶ 4. It is apparent that the FOIA Specialist retrieved records responsive to plaintiff's FOIA request using his name and register number as search terms. The Court finds that the USPC's search for responsive records was reasonable and adequate under the circumstances. And because the USPC has released all the records in their entirety, the Court concludes that all segregable records have been released.

A. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 1. He asserts that the USPC "allowed 344 days to elapse before meeting [his] FOIA request [and] [i]n so doing [the] USPC wrongfully withheld the requested records from plaintiff." *Id.* at 4. In his view, the USPC has not established that exceptional circumstances exist, *id.* at 3, and its "decision to release records . . . only after the filing of a complaint does not absolve or release USPC from the legal duty and responsibility of responding within the statutory time limitations," *id.* at 4. For these reasons, he demands judgment in his favor. *See id.* at 2.

The Court's authority under the FOIA is neatly summarized as follows:

> The FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, the elements of a FOIA claim are (1) improperly (2) withheld (3) agency records. "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by [5 U.S.C.] § 552 [ (a)(4)(B) ], if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

*Antonelli v. U.S. Parole Comm'n*, 619 F. Supp. 2d 1, 4 (D.D.C. 2009) (brackets in original). Where, as here, plaintiff concedes that he has received all the records he requested, it cannot be said that the USPC improperly withheld agency records. The delay in the release of the requested records alone is not a basis for granting the relief plaintiff demands. "[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## C. Plaintiff Is Not Entitled to an Award of Fees and Costs

Plaintiff asserts that the USPC's "failure to comply in a timely manner has caused [him] to suffer injury in the form of a 'cost to abide event' totaling $7,500 to date." Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1. He claims to have incurred costs in conducting this action, Pl.'s Opp'n at 5, but does not seek an award for attorney fees, *id.* at 6.

The FOIA permits a district court to "assess . . . other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The latter provision "essentially codifies the so-called 'catalyst theory' for determining a fee request against the United States, under which a plaintiff is deemed to have 'substantially prevailed' for purposes of § 552(a)(4)(E) if the 'litigation substantially caused the requested records to be released.'" *N.Y.C. Apparel F.Z.E. v. United States Customs and Border Protection Bureau*, 563 F. Supp. 2d 217, 221 (D.D.C. 2008) (quoting *Chesapeake Bay Found. v. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993)); *see Zarcon, Inc. v. Nat'l Labor Relations Bd.*, No. 06-3161-CV-S-RED, 2009 WL 4960224, at *2 (W.D. Mo. Mar. 25, 2008). "The catalyst theory assumes that a voluntary or unilateral change in an agency's position is induced by the complainant's lawsuit." *Wildlands CPR v. United States Forest Serv.*, 558 F. Supp. 2d 1096, 1098 (D. Mont. 2008).

The decision to award attorneys' fees and costs is left to the Court's discretion. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977) (commenting

that § 552(a)(4)(E) "contemplates a reasoned exercise of the courts' discretion taking into account all relevant factors"). In making this decision, the Court considers "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. Cent. Intelligence Agency*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted). "No one factor is dispositive, although the [C]ourt will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id.*

Because the USPC released the requested records after plaintiff filed his lawsuit, its actions reasonably can be considered "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). This determination alone does not justify an award of costs, however. Such an award is warranted only if plaintiff's claim is determined not to be "insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

Although the precise nature of plaintiff's interest in the records is unknown, the Court presumes that plaintiff has requested records pertaining to his parole hearings for his personal benefit. For this reason, it appears that the public derives no benefit from this case and that the plaintiff derives no commercial benefit. The USPC did not withhold records in this case. Rather, there was a delay in release of the requested records because there had been only one full-time staff person devoted to processing a large volume of FOIA requests, 67 of which were in the queue ahead of plaintiff's request. *See* Mem. of P. & A. in Supp. of Def.'s Mot. for an *Open America* Stay and to Dismiss Individual Defs., Declaration of Anissa N. Hunter ¶¶ 8-10. The Court concludes that plaintiff's claim is insubstantial, and his request for an award of costs will be denied. Moreover, to the extent that plaintiff demands an award of costs as a sanction for the

USPC's delay in responding to this FOIA request, the FOIA does not recognize such a claim, *see* 5 U.S.C. § 552(a)(4)(B) (stating that federal courts have jurisdiction only to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld"), and plaintiff is not entitled to costs as a remedy for the USPC's untimeliness. *See Schmidt v. Shah*, No. 08-2185, 2010 WL 1137501, at *10 (D.D.C. Mar 18, 2010) (denying "sanctions as a remedy for the untimeliness of [the agency's] responses").

### III. CONCLUSION

The USPC has established its full compliance with the FOIA, and its motion for summary judgment will be granted. An appropriate Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

DATE: 8/24/10